## In re PITTSBURGH RYS. CO.

### No. 20225.

District Court, W. D. Pennsylvania.

Oct. 21, 1947.

See also 74 F.Supp. 842.

J. Henry O'Neill, J. Garfield Houston and Wells Fay, all of Pittsburgh, Pa., for trustee.

Thomas J. Munsch, Jr., of Pittsburgh, Pa., for Philadelphia Co.

Samuel Koenigsberg, of New York City, for Securities & Exchange Commission.

Robert L. Kirkpatrick, of Pittsburgh, Pa., for Citizens Traction Co.

Paul G. Perry, of Pittsburgh, Pa., for Allegheny Traction Co.

William F. Walsh, of New York City, for Public Security Holders of Citizens Traction Co.

Maurice J. Dix, of New York City, for Jules Guggenheim, and others.

Harry F. Stambaugh, of Pittsburgh, Pa., for Committee for Bondholders of Southern Traction Co.

John M. Marshall, of Pittsburgh, Pa., for City of Pittsburgh.

McVICAR, District Judge.

This case is now before the Court on the petition of W. D. George, Trustee of Pittsburgh Railways Company, Debtor, and Pittsburgh Motor Coach Company, Subsidiary, wherein it is prayed that the Court fix a time for hearing before this Court or a special Master on the amended revised plan of reorganization for the Pittsburgh Railways Company and Pittsburgh Motor Coach Company, filed March 17, 1942, as amended August 7, 1947. On this petition the Court made an order, that any objections to said petition raising questions of law or preliminary issues, be set forth in answers and such objections shall be heard by the Court on a date fixed. Answers were filed by the Philadelphia Company, Allegheny Traction Company, Citizens Traction Company, City of Pittsburgh, Jules Guggenheim, et al. and the Securities and Exchange Commission. In the answers of the City of Pittsburgh, Jules Guggenheim, et al. and the Securities and Exchange Commission, it was prayed that the petition be dismissed on the ground that reorganization plan under the facts in this case shall not be effective until it has been approved by the Securities and Exchange Commission after opportunity for hearing prior to its submission to the Court.

The Public Utility Holding Company Act of 1935 states in Section 11 (f), 15 U.S.C. A. § 79 k (f): "In any such proceeding a reorganization plan for a registered holding company or any subsidiary company thereof shall not become effective unless such plan shall have been approved by the Commission after opportunity for hearing prior to its submission to the Court. * * *"

The Pittsburgh Railways Company is a subsidiary of the Philadelphia Company, a registered holding company.

The Securities and Exchange Commission exempted this reorganization proceeding from the provisions of the Holding Company Act by Rule U–49(c), which reads: "(c) Transactions approved by a reorganization court,—Any such subsidiary company which is the subject of a proceeding for reorganization in any court of the United States in which proceeding the Commission has filed a notice of appearance pursuant to section 208 of Chapter X of the Bankruptcy Act, as amended [11 U.S.C. A. § 608] or which is a subsidiary within the meaning of section 106 (13) of said Chapter X [11 U.S.C.A. § 506 (13)], or of section 2(a) (8) of the Public Utility Holding Company Act [15 U.S.C.A. § 79 b (a) (8)] of any such subsidiary company which is the subject of such a proceeding, shall be exempt from any provision of the Act applicable to the appointment of any trustee for such company or to any transaction entered into with the approval (direct or indirect) of such court: Provided, That such transaction does not involve the acquisition of any utility assets or securities of any public-utility or holding company."

This rule was amended February 28, 1947 by adding thereto: "Provided further, That this paragraph shall be inapplicable to any subsidiary company which is the subject of reorganization proceedings (or any subsidiary of such subsidiary company within the meaning of Section 106 (13) of said Chapter X or of Section 2 (a) (8) of the Public Utility Holding Company Act), where such subsidiary company, or any subsidiary thereof, is the issuer of any securities, or is the obligor on any obligations, which have been guaranteed or assumed by any registered holding company."

In Philadelphia Co. v. Securities and Exchange Commission, App.D.C., 164 F.2d 889, 890 the Court in an opinion filed October 8, 1947, by Stephens, Associate Justice, states as to the matters before the Court as follows: "This case is before the court upon a motion by the Securities and Exchange Commission, hereafter sometimes called the Commission, to dismiss a petition of the Philadelphia Company, a Pennsylvania corporation, hereafter called Philadelphia, for review of an 'order' of the Commission revoking an exemption from the provisions of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq., hereafter sometimes referred to as the Act. The case presents also objections of the Commission to the issuance of a stay order pending disposition of the petition for review. The stay order is sought in the prayer of the petition and also by a separate motion filed by Philadelphia."

The Court made the following order: "On consideration whereof, It is now ordered by this court that the motion to dismiss the petition for review herein be, and it is hereby, denied, and that the order of the Securities and Exchange Commission on review in this case be, and it is hereby, stayed pending the final disposition of this case, or the further order of this court in this case."

It is not now necessary to determine whether Section 11 (f) of the Public Utility Holding Company Act is applicable to this proceeding because the order of the Securities and Exchange Commission amending its Rule U–49 (c) intended to invoke the Act has been stayed by the United States Court of Appeals for the District of Columbia as set forth above.

This reorganization proceeding which has been much protracted should be prosecuted with all practicable diligence. To this end hearing on the reorganization plan and on other matters related thereto such as the claims of the Philadelphia Company, the question of the subordination thereof, and the classification of claims should be started as soon as practicable and prosecuted with diligence until the completion thereof. If it should appear hereafter that there is authority for separate hearings to be conducted at the same time and place before a Special Master appointed by this Court and by an officer appointed by the Commission and that such concurrent hearings would speed the proceedings, then an appropriate form of order or orders may be submitted for the consideration of this Court.

The prayer of the petition should be granted.